Okay, the next argued case is number 137038 Mason against the Secretary of Veterans Affairs, Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mariela Mason. She is the substitute appellant for the deceased appellant in this matter, Kenneth Mason. At issue in this case is whether the Veterans Court misinterpreted the provisions of 38 USC section 7105 capital A. This is a special statutory provision which lessens the time frame for the initiation and the completion of an appeal in circumstances that involve what is described by the statute as a simultaneously contested claim. Mr. Carpenter, isn't the issue whether Mr. Mason received explicit notice that he had 60 days in which to appeal, whether there was any justification for ignoring that notice? His, I don't want to say justification, but the notice of disagreement that he filed was in fact untimely under the VA's use of 7105A to treat a fee agreement review by the VA as a simultaneously contested claim. His notice of disagreement was in fact untimely under the provisions of 7105A. The question is whether or not the VA can rely upon 7105A in the context of an attorney fee review. Since an attorney fee review is not a claim and does not involve competing claimants, it involves an administrative procedure in which the VA is reviewing a fee agreement that is created under the statutory provisions of 38 U.S.C. 5904D. This is a statutorily created fee agreement that says that if the attorney agrees to modify or conform his fee agreement to the terms of the statute, which are that he will represent on a contingent fee basis only and that he will not charge any other fees to the veteran for that representation, then the VA will be responsible to withhold the fee called for in that fee agreement and pay that fee to the veteran. The VA has decided that it needs to review these fee agreements administratively. The VA and the lower court have determined that this process involves a claim. It does not involve a claim. There is no claim, there is no application by either the attorney or the veteran to initiate this process. This process is initiated completely sua sponte by the VA. In initiating the process, they render a decision. This is a 511, 38 U.S.C. 511 decision, which is subject to appeal and review by the Board of Veterans' Appeals and ultimately by the Veterans' Court. As a consequence, the attorney, by being required by both the VA and now this decision to comply with the provisions of 7105 A, the attorney is limited in his time available under the statute. 7105, which is the corresponding statute, requires or provides that in all circumstances other than a simultaneous claim, that the claim is initiated by filing a notice of disagreement within one year of the VA's decision. Is the attorney fee a benefit as defined by 38 CFR 20.3? No, it is not, Karen. It says benefit means any payment, service, commodity, function, or status entitlement to which is determined under the laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors. Isn't the attorney fee a payment determined under the laws administered by the Department of Veterans Affairs pertaining to the veteran? It is not the determination of the amount of any benefit. It is a determination solely as to whether or not the fee agreement that is entered into between the attorney and the veteran is compliant with statute and regulation. Well, it's compliant with the laws administered by the DVA pertaining to veterans, right? That's what the fee laws are clearly under the laws pertaining to the veteran. Most certainly are. And 38 U.S.C. 5904D is a law that's administered by the VA, right? Yes, it is, Your Honor. But it is a decision under 511C as opposed to a claim made for VA benefit. No, but that's not what the benefit says. Any payment determined under 5904, under a law. But with respect, Your Honor, the payment is not determined by the fee review. The payment is determined by the fee agreement. The fee agreement can charge anything less than 20% of the total past due benefits. So the payment is dictated not by the VA's decision but by the terms of the fee agreement. If the fee agreement calls for a 10% contingent fee or a 15% contingent fee, then that's what the amount of the payment of the fees are determined by. Not independently determined by any decision made by the VA. I guess I don't understand. Most laws don't have this attorney fee provision in other contexts. No, they do not. It's unique to veterans' cases. And it says benefit means any payment determined under laws administered by the DVA. And you're saying the payment isn't being determined under the laws administered by the DVA. But the law administered by the DVA expressly says you can't have more than 20%, for example, right? So, I mean, it seems to me the law administered by the DVA is, in fact, discussing the parameters of the payment. Now, granted by fee agreement, a veteran could agree to accept less but not more. So how is that particular amount somehow not under the Department of Veterans Affairs law? The amount is not because the amount is dictated by the fee agreement. But why are you saying the amount matters? That it's not a benefit at all because the precise amount is not determined under the veterans' law but rather is determined by the fee agreement? In part, yes, Your Honor. But the point is that the amount of the fee is calculated under 5904D based upon the amount of past due benefits that are awarded by the VA. That is when the amount is determined by the VA. In their award based upon the claim made by the veteran. There can be disputes over that award, right? Which is why in, I think, the Cox case, this court ruled that these sorts of disputes are reviewable by the BVA. Yes, Your Honor, except that what you need to understand is that these disputes are not initiated by either the veteran claimant or the attorney. In other words, it is not a disputed matter until the VA makes a decision. The VA reviews only for compliance. Only to determine whether or not the provisions of 5904 and the appropriate VA regulations implementing 5904 have been complied with. Was there an appropriate decision that generated an entitlement to charge a fee? And was there a subsequent or collateral award or subsequent award for past due benefits, which then triggers the statutory provisions of 5904, which allow for the secretary to withhold and then to pay. But once the RO makes a decision, then that's what triggers either a 60 day or a one year clock, right? That's correct. And if it is a decision that was favorable to the attorney based upon the fee agreement entered into with the veteran, then that's the end of the matter. Although the veteran does have a right to initiate an appeal. He can dispute. But all he can dispute is not the amount of the fee, but whether or not the fee agreement is or is not compliant with the statute or the regulation. Let me ask you a different question. As I take your position that 7105A for simultaneously contested claims can't apply in this scenario because what Mr. or Mrs. Mason has for us is not a claim. Is that right? That's correct. And the problem I have with that is that both 7105A and 7105 talk about claims and claimants. And so therefore, it seems like it can't be a distinction for your client to say that only one of them is dealing with claims when both statutes in front of me talk about claims. So you either have a claim under 7105 or a claim under 7105A. With respect, Your Honor, you have to understand the statutory history and 7105 predates 5904. In other words, before 5904 was written by the Congress in 1988, 7105 existed and talked in terms of claims. Why? Because there was no attorney's fee provision. Fees were capped at $10 under the pre-1988 statute. So there was no provision for doing the kind of fee agreement review that exists once 5904 is written by Congress in 1988. Even though 7105 talks about claims and claimants, you're saying it encompasses other things than claims or claimants that just aren't expressed in 7105? Yes, Your Honor, because this court in Bates determined that when you have a matter that affects benefits, that is covered under 7105. And a decision, just like the decision to terminate accreditation on the review of a fee agreement, is a matter that affects the provision of benefits. Didn't we say in Cox that when there's some kind of dispute about a direct pay attorney fee agreement, that is a claim that affects benefits? You did use the term claim. And so that's entirely consistent with both of these statutes, which talk about claims. And with respect, Your Honor, the fact that this court used the term claim does not mean that they used the term claim as defined both by Congress and by the VA in regulation. In both, they are talking about an application that is made for the payment of a VA benefit. The review of a fee agreement is not that animal. And I understand that this court used that term claim, but it used the term claim in a generic way as opposed to using it in the context of interpreting whether or not that term claim meant the same thing in 7105. Do you accept that regulation 20.3p is a permissible construction? Not in the context of 5904d or in the context of 7105a, because all it does is to define what the phrase simultaneously contested claim means. And it defines it as the situation in which one claim results in the disallowance of another claim. Well, if the veteran doesn't make a claim for review and the attorney doesn't make a claim, then that part cannot apply in that definition. The regulation keeps going. Yes, it does. And that says in the alternative or the allowance of one claim that results in the payment of a lesser benefit to another claimant. And this is a binary decision by the VA. It is either a compliant fee agreement or it's a non-compliant fee agreement. If they find that it's a non-compliant fee agreement, then there isn't any question that subject to appeal, but that money is returned to the veteran because it was withheld from his or her award of past benefit. We have two parties that are fighting over one pot of money, one portion of a pot of money. With respect, Your Honor, there is not a fight until the VA makes the decision. And then it made the decision, and so now we've got a fight. That's correct. And now it's a simultaneously contested claim. Only if that results in the payment of a lesser benefit to another. It's not a lesser benefit. The veteran gets the entire amount that was withheld. So there's no payment of a lesser benefit. It's an either-or proposition. The veteran is either obligated under his or her fee agreement with the attorney or they are not. If they are not, then the veteran is obligated under his fee agreement and the VA is obligated to pay. If it is found that there isn't compliance, then the entire amount of the withheld fee from that fee agreement is returned, not a lesser amount. And they expressly use payment of a lesser amount. That's fiction. That doesn't happen here. We're talking about $59,000 that was awarded to Mr. Corbin, right? Correct. And so about $12,000 is at stake here. It's either going to go to... Actually, I believe $59,000 is the amount of the attorney's fee, Your Honor. I don't think it's a percent. That $59,000, I believe... The attorney's fee is $11,000, Mr. Corbin. $59,000 is the full benefit. Okay, then I'm sorry. I have misremembered. The purpose of the conversation is that dollar amount, whether it's $11,000 or something else, is going to go to either Corbin or to Mason. That's correct. If it goes to Mason, then that results in a reduction of the benefit that ultimately goes to the veteran, Mr. Corbin. It just is, right? And pursuant to statute, Your Honor, pursuant to Congress' indication that to induce attorneys to represent veterans, they will agree to direct the secretary to withhold a fee that is compliant with the provisions of 5904. If you charge more than 20%, then you do not have your fees withheld. Or you charge a flat fee or an hourly rate or a combination of all three. Then those fees are not subject to the 5904D withholding provision. So we are not talking about something that the veteran was not a party to. The veteran entered into this fee agreement in order to get free representation unless there was an award of past due benefits and that the attorney agreed to cap his or her fee at 20%. I see that I've gone way over. Yes, you are. Let's hear from the government. Mr. Grimmett. Good afternoon, Your Honor. May it please the Court. It's absolutely the case that if Mr. Corbin doesn't get the money, the money goes to the veteran. The veteran doesn't get the money if the money goes to the attorney. It's a zero-sum game. That's the situation that the VA has said is a simultaneous contested claim. It's not about the VA versus a particular claimant. That's when 7105 applies. But it's two claimants who are fighting over the same pot of money. That's 7105A. Those statutes were written before attorneys were eligible for fees. That's true. But VA has interpreted the statute. The difficult thing is reconciling the attorney fee award with the notion of a claim, a formal claim as we both understand it under veterans' law. And what the statute says, in simultaneously contested claims, plural. So not a dispute over the money that is due on a single claim, but rather two separate claims, plural. And the difficult thing is the notion treating the attorney fee contract as somehow a separate claim for benefits under the veterans' law. That's what I find to be the most difficult thing to wrap my head around. Well, the board only deals with claims. Whether it's under 7105 or 7105A, that's what the board does. The board deals with claims. There's a veterans' claim at issue here, clearly. Right. The board has been dealing with a veterans' claim. The question is, is the veteran required to give as a fee a portion of his claim? That's right, Your Honor. If we formally look at the definition of a claim under 20.3F, it says application, I'll skip some words, for entitlement to Department of Veterans Affairs benefits. Here, what Mr. Mason or Mrs. Mason is now seeking is a portion of the veterans' benefits. It's not the most elegant way to describe it, but it is, in fact, a claim. And if it weren't a claim, as the veterans' court pointed out here, then Mrs. Mason or her husband previously wouldn't have been eligible to file a notice of disagreement in the first place. They never would have gotten notice of what's going on here because we only have the veteran as the claimant. But, in fact, the attorney and the veteran were both given notice of what was going on here. Is the attorney a claimant? Yes. So now an attorney is actually a claimant under the veterans' law? Yes, Your Honor. A claimant? Really? That just feels wrong. It feels awkward because we're dealing with a situation here where an attorney is seeking a portion of, as you noted, of the veterans' benefits. But, technically, it's a claim and, technically, he's a claimant. But, separate from all... What about the fact that the statute and the regulation never, ever use the word claimant to describe the attorney and, in fact, oftentimes say the claimant comma, the claimant's representative comma, or the claimant's attorney? What about the fact that attorney is always called out as somebody different than the claimant throughout everything that's brought in by Rick? Yes, Your Honor. As the attorney, because it would be really awkward to say the claimant's seeking a claim for the other claim. It would be very awkward to just use the word claim all the time. Yeah, but you want me to interpret the statute as allowing for an attorney, in an attorney fee situation, to be deemed a claimant for veterans' benefits. And the statute expressly and conclusively distinguishes between claimants on the one hand and attorneys on the other. It's two different animals altogether. If the attorney is not a claimant and this isn't a claim, then it's unclear under the statute how he could go to the board in the first place. Because that's the only way he can get to the board, is he wants to challenge this determination. So you're saying under 7105 there would be no basis for him to get to the board? That's correct, Your Honor. 7105 speaks in terms of claims also. Where? In, let's look at B2, Notices of Disagreement and Appeals. It ends with, will be recognized at any one time in the prosecution of a claim. No agent. Yes. Talking about who? It's not saying claim. It says, Notice of Disagreement must be filed in writing, may be filed by the claimant, the claimant's leading guardian, or such accredited representative, attorney, or authorized agent as may be selected by the claimant or legal guardian. Not more than one recognized organization, attorney, or agent will be recognized at any one time in the prosecution of a claim. Right, in the prosecution of a claim, Your Honor. So that's what the board's dealing with under 7105, the prosecution of a claim. No, this is talking about the person, agent, who will be recognized at any one time in the prosecution. It seems to me B2 is clearly talking about who has the right to file Notices of Disagreement, not in which circumstances they can be filed. That's absolutely correct, Your Honor. But there's nothing about 7105 that suggests that it's broader than claim. Why? Why? Why? Fee agreements are within the purview of the DVA law. They're expressly allowed for, and almost no other law allows for such a thing. So, why? That's absolutely correct. If we don't call them claims, then what do we call them? We have a determination by the VA that the attorney is or is not eligible to receive this money. But how does the attorney then go to the board? It has to be under 7105. Under B2, under C, the word claim is used. Under D1, it says where the claimant or the claimant's representative. It's talking about the whole basis is that this is a claim. This is what the board does. It deals with claims. So, let me just read 7105 D1, where the claimant or the claimant's representative, within the time specified in this chapter, filed a notice of disagreement with the decision of the agency of original jurisdiction. Such agency will take such development or review action as it seems proper under the provisions of regulations not consistent with this title. So, I guess you're saying that in order to bring one of these notices of disagreement for the agency to take action on, you have to be a claimant. We're saying that technically it's a claim. It doesn't mean that it's the same kind of claim that a veteran brings that, for example, and Ms. Mason made this point in her brief, saying that the VCAA applies such that all required notices are due. What we're saying is it's formally a claim such that the board can consider it. That's how the attorney can go to the board. When you talk about claimant's representative, I think I understand Judge Moore's question. That sounds a little peculiar, but for purposes of our present thought pattern, I guess one would regard Mr. Carpenter as the claimant's representative here, where the claimant is Mason instead of Corbin. Yes, Your Honor. And that's how, even under the present scenario, it fits within this statute. Yes, Your Honor. That's right. 7105A talks about all parties in interest. 7105 is dealing with a particular claim by a particular claimant. 7105 is where, under A or B, it talks about all parties in interest and says that all parties are going to get notice of what's going on here. 7105 talks about a single claimant, as Judge Moore noted. A single claimant who receives notice of the adverse determination can then appeal. 7105A is when there are multiple parties involved and they all get notice. Well, I don't see that it, does it talk about a single claimant in 7105? And if it's a single claimant, if 7105 contemplates only a single claimant, doesn't it have to be the veteran? Yes. I'm sorry if I was unclear earlier. Yes, it has to be the veteran under 7105, because under 7105A is where you deal with multiple different individuals, the claimant and the claimant's representative who is now a new claimant. But it doesn't fit, and I apologize, I think I misspoke on your previous question. We can't force this into 7105 directly. It has to go under A. But A requires that one claim be allowed and the other one be rejected. Yes. Before you get the 60-day period. Yes, and by regulation, because the statute doesn't directly deal with this issue of attorneys seeking their fees, because these statutes were written a long time ago. The VA has interpreted 7105A, and we have 20.3, which specifically says the allowance of one claim results in the payment of a lesser benefit to another claimant. And that's where we started this conversation, because there's clearly a lesser benefit being paid to the veteran here when his attorney is getting some portion of the money. So it fits under 20.3. Even if that didn't, Your Honor, we have... Mr. Goodman, is your argument, or should I understand your argument to be Judge Moore, the statute doesn't fit perfectly in this situation. You can point to claimant versus claimant's representative or attorney, but in other places it talks about benefits. This is arguably a portion of a benefit. You know, the statute ain't perfect, but that's why we give deference. Is that part of what your argument is? That's absolutely what we're saying. The statute, in fact, predates all of these regulations. The statute was Congress trying to set out this general situation, one involving multiple people fighting over a pot of money, one involving a single claimant, a single veteran. And then the VA issued 20.3, and they clarified what they interpret that statute to mean. And then they went further and they issued the manual. And the manual is explicitly clear. The manual is totally clear. Let's just revisit that. Let's look at the manual, Your Honor, if we could. Joint Appendix, page 140. Attorney fee withholding. This should be handled as a contested claim due to the possibility. Sorry, what page are you on? Joint Appendix, page 140, Your Honor. Yes, thank you. It's 5.01D of the manual. It says this should be handled as a contested claim due to the possibility that VA. You're on page 140? Joint Appendix, page 140, yes, Your Honor. Yes, and where are you reading from? The last paragraph, D. Okay. The last sentence. This should be handled as a contested claim due to the possibility that VA. may be required to attempt to collect any fees paid to the attorney from the claimant. So this is VA specifically saying that the attorney fee withholding situation is a contested claim. It's a simultaneously contested claim. Can you explain what the fact pattern here is that they're contemplating? Because I could not follow. What is the scenario where the VA may be required to attempt to collect any fees paid to the attorney from the claimant? What does that mean? The VA pays the veteran the entirety of the money. In this case, all the money were paid except for the $11,000. And then the attorney came in and said, no, you were supposed to withhold that for me, and you didn't. You were supposed to pay it to me. Then the attorney could file a Notice of Disagreement and complain. And if this were a timely filed Notice of Disagreement, that's exactly what would have happened here. And if he ultimately was successful, then the VA would need to take that money back from Mr. Cordman and pay it to Mrs. Mason. And that's what would have happened here if he were successful on the merits, if his Notice of Disagreement were timely. So this is exactly the situation described here. I guess you're saying this sentence is contemplating that the attorney might have gotten double paid? Once by the VA and once from the client? Not double pay, Your Honor. They've been paid the 20% withheld money. If that money were paid to the veteran and the attorney were, in fact, entitled to it, then the attorney would be able to file a Notice of Disagreement and the attorney would recoup that money. And it would have to come from the client. The next page, Joint Appendix, page 141, provides more clarity. Do not pay an amount in excess of the monthly benefit. This is C at the very bottom of the page. Failure to withhold 20% of past due benefits as potential payment of attorney's fees and denial of payment of such claims are appealable issues. Skipping a couple sentences going on, it says, Upon receipt of a Notice of Disagreement from an attorney, we have a situation where two parties are contesting for the same amount of benefit money. And that's what we're dealing with here. That's what this manual is talking about, is when an attorney and the veteran are fighting over the same pot of money, the same amount of benefit money. For that reason, it says, contested claim procedures will be followed. And they're talking about simultaneously contested claim procedures mandated by 7105A. And that's even clearer if we look at the more recent manual, Joint Appendix, page 145, where 38 U.S.C. 7105A is specifically pointed out as referenced. When the VA says fee eligibility decisions are considered contested claims as two parties are involved, the attorney or agent and the claimant have 60 days to file a Notice of Disagreement after the date of the decision notice. So the manual we submit is clear. Moreover, it's consistent. This is the VA's policy always, that when we're dealing with a situation where an attorney and a veteran are fighting about who gets the money, then that's a simultaneously contested claim. And because of that, it's entitled at least since 2005. Okay. And I'm not that familiar with this Court giving deference to interpretations provided in the VA manual. My understanding is if the manual is interpreting one of the VA regs, then we ought to be giving deference to reasonable interpretations of the regs. If the manual is just interpreting a statute, then I'm not so sure what kind of deference to give to that. As this Court said in Thune, if it's interpreting regulations, it's absolutely entitled to deference. And that's what we believe is happening here. It's interpreting 20.3, where the VA had said the allowance of one claim results in the payment of a lesser benefit to another claimant. And that's what they're interpreting here. If Your Honors were to view it instead as they're directly interpreting the statute, then it would be entitled to Skidmore deference, because it's the consistent and measured interpretation of the VA about how to apply this statute. Wait, isn't Chevron deference the one for statutes and Skidmore for regs? Am I mixing them up in my head? I think that's incorrect, Your Honor. Our deference, A-U-E-R deference, is when they're interpreting their own regulation, and they're entitled to that. Under this Court's decision in Cathedral Candle, 400 F. 3rd, 1352, this Court described Skidmore deference and how it applies. And the Court said, and I'll quote here, we believe the Supreme Court intends for us to defer to an agency's interpretation of a statute that it administers if the agency has conducted a careful analysis of the statutory issue, if the agency's position has been consistent and reflects agency-wide policy, and if the agency's position constitutes a reasonable conclusion as to the proper construction of the statute, even if we might not have adopted that construction. That's what we have here at the least. So we at least get Skidmore deference, but we believe we get our deference as well, because we believe they're interpreting the regulation. When writing the manual, of course, the VA was considering both their own regulation and the statute, and they were trying to decide which box this fits into, this situation of a veteran and his attorney fighting overseas. And they decided it looks more like simultaneously contested claims than like the 7105 situation of just a straight appeal. Any more questions? Mr. Carpenter, you have some time. May it please the Court? I believe that the government has incorrectly characterized its manual provision and the reason for its inclusion in the manual as it's reflected at JA 140. The circumstance that is described there arises out of a case at the Veterans Court called Snyder v. Nicholson, in which the VA failed to withhold the 20 percent called for in the fee agreement. And as a result, the Veterans Court held that the VA was obligated, notwithstanding their failure to withhold, to pay Mr. Snyder, the attorney, the fee that was required to have been withheld. This manual provision was created to address that situation. That's what they're talking about in terms of the last sentence, therefore there could be an issue of the possibility that the VA would be required to attempt fees paid to the attorney from the claimant. That is not in the circumstance that we have here. But it nonetheless, in this section, says this should be handled as a contested claim. This, describing the situation where they fail to withhold. But in any event, Your Honor, this, as well as their newer manual provision, still constitutes a misinterpretation of the statute because the statute involves separate claims. Your Honor correctly pointed out that there are not two separate claims here. There are not two separate claimants. The attorney does not become a claimant. The attorney becomes a person who has a disagreement with a 511 decision that was made concerning the benefits or the payment of attorney fees called for under 5904D. They made a decision adverse to the attorney. Just as in the Bates case dealing with accreditation, the 7105 provisions then apply and allow the attorney to make an appeal to obtain administrative appellate review. None of these notions about claim fit well because 7105 predated 5904. And what has in fact happened here is the VA has not, even following the Bates case from this court, promulgated any regulations dealing with the process of deciding fee eligibility issues. Now had they written a regulation that interpreted 5904, that would be entitled to Chevron deference. But they didn't write such a regulation. They relied upon a manual provision only and now they're able to rely upon the Veterans Court decision. This court needs to reverse the decision because 7105 was misinterpreted. It is odd and it is wrong to make or create by legal fiction an attorney into something other than what the attorney is as contemplated under 5904. He is a person to assist in the prosecution of the veteran's claim. 5904 deals with the right or entitlement to receive the fee called for in that fee agreement. 7105 contemplates a tension between two claimants. There is no tension between two claimants because two claims have not been made. The veteran doesn't make a claim for the attorney fee, nor does the attorney make a claim. The VA makes an eligibility, a fee review determination for compliance. If that decision is adverse, then either party has the right under 7105 to initiate an appeal. Not 7105A. They are trying to create after the fact a contested claim when there is no contested claim in the first instance. Thank you for your attention. Thank you. Thank you both. The case is taken under submission. That concludes the argued cases. Thank you for listening.